### SHAFFER v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court, M. D. Pennsylvania. May 20, 1912.)

No. 340.

MASTER AND SERVANT (§ 289*)—ACTION FOR INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

The question of the contributory negligence of a plaintiff employé, who was injured by a machine which he was operating, held one for the jury on the evidence, where it appeared that he was inexperienced in the use of that particular kind of machine, and had no knowledge of a safety appliance which should have been used.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

At Law. Action by Henry Shaffer against the American Car & Foundry Company. On motion by defendant for judgment non obstante veredicto. Motion denied.

Morgan S. Kaufman and C. B. Little, both of Scranton, Pa., for plaintiff.

Fred Ikeler and G. A. Orth, both of Bloomsburg, Pa., for defendant.

WITMER, District Judge. Counsel for the defendant presents his case with considerable skill, and on the face of it the conclusion is almost irresistible in his favor. He, however, inadvertently bases his argument upon a false premise, in that he assumes as a fact, established by the evidence, that the plaintiff is an old workman, having large experience in the use of a dado head saw, and knew the value and importance of a guard strip as a means of protection to those operating this kind of saw. This is error. The evidence shows that, while the plaintiff had many years of experience as a woodworker with circular saws and other devices, it is practically admitted he had operated the dado head but a comparatively short period prior to

---

the accident. The plaintiff furthermore has testified that he did not know of the use or importance of a guard strip as a means of protection, and had never seen one in use on a machine such as he operated until they were installed after the accident. It is true that theretofore an additional guide strip was used by him to plough and groove, with a circular saw, wide boards, for the purpose of steadying or to keep in place the material that passed over the machine. This strip was, however, not used as a means of protection, and apparently did not suggest that it could operate as such. The inference from such use was left to the jury, and they found in the plaintiff's favor. The case was one for the jury, and the motion for judgment non obstante veredicto is refused.

The clerk is directed to enter judgment on the verdict for the sum of $3,000, with interest from March 22, 1912, to which an exception is noted for the defendant.